ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| PATRICK WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 308-051 |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Patrick Webb commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because Plaintiff's amended complaint was filed IFP, it must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) *(per curiam)*, but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

Accordingly, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 3). Plaintiff has submitted an amended complaint, (doc. no. 4), and it is this document that the Court will now screen.

## I. BACKGROUND

*Liberally* construing Plaintiff's amended complaint, the Court finds the following. Plaintiff names the following Defendants: (1) the Corrections Corporation of America ("CCA"); (2) Ralph Kemp, Warden, Wheeler Correctional Institution ("WCI"); and (3) Un-Named, Doctor, WCI. (Doc. no. 4, pp. 1 & 4). Plaintiff submits that Defendants exhibited deliberate indifference to his serious medical needs. (Id. at 3).

Plaintiff alleges that he transferred to WCI in 2005. (See id. at 2). Plaintiff contends that, during intake, he pointed out "odd growths underneath [his] rectal area," which he believes were the result of a sexually transmitted disease ("STD"), to the medical staff, who advised him to file a "medical form." (Id.). Plaintiff maintains that he then filed a "medical form" and was examined by Defendant Un-named, Doctor, WCI, sometime in October or November 2005. (See id.). According to Plaintiff, "[t]he doctor made note" and he was instructed to fill out another "medical request," if the situation worsened. (Id.).

Plaintiff alleges that, after repeated medical requests, he noticed the spread of the STD. (Id.). Plaintiff contends that he then "entered the grievance procedure." (Id.). Plaintiff maintains that, after several months in an open dormitory, other inmates informed him that he was having breathing difficulties during the night. (Id.). According to Plaintiff, despite filing multiple "medical forms" and consulting unnamed physicians, presumably including Defendant, Un-Named, Doctor, WCI, nothing was done. (See id.).

Finally, Plaintiff alleges that, between the end of 2005 and his release from incarceration on May 11, 2006, "several grievances were filed, letters were written[,] and Wardens, [D]eputy [W]arden, [and the] [S]tate [M]onitor were told [about] the medical problems," but nothing was done. (Id.). Plaintiff maintains that, after his release from

2

incarceration, he was diagnosed with severe sleep apnea and forced to undergo two removal procedures. (Id.). As relief, Plaintiff requests $150,000.00 in compensatory damages, $250,000.00 in punitive damages, as well as medical and court costs. (Id. at 3).

## II. DISCUSSION

### A. Defendant Not Mentioned in the Amended Complaint

In the Court's Order directing Plaintiff to amend his complaint, he was warned that his amended complaint would supersede his previously filed complaint. (Doc. no. 3, p. 4 (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994))). Plaintiff was also specifically told that he must name all defendants in the caption and the body of the amended complaint. (Id.). Upon review of the amended complaint, the Court finds that Plaintiff no longer names Un-Named, Director of Health Services, WCI, one of the original Defendants, as a party to the lawsuit. Furthermore, the Court finds that Plaintiff fails to assert any allegations of wrongdoing related to this individual anywhere in this amended statement of claims. Accordingly, Defendant Un-Named, Director of Health Services, WCI, should be dismissed from this lawsuit. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (noting that plaintiffs must "put forward specific, nonconclusory factual allegations that establish improper motive causing cognizable injury").

### B. Grievance, Letter, "Medical Requests," and "Medical Forms" Claims

To the extent Plaintiff may be claiming that any Defendant should be held liable for failing to properly handle his grievances, letters, "medical forms," or "medical requests" in accordance with WCI or CCA procedures, such allegations fail to state a claim upon which relief can be granted. "Procedural requirements alone do not create a substantive liberty

3

interest, and mere violation of such procedures is not a constitutional violation." Rienholtz

v. Campbell, 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999), aff'd, 198 F.3d 247 (6th Cir. 1999)

(Table); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of

a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created

prison grievance procedure is simply a procedural right and does not confer any substantive

right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution

creates no entitlement to grievance procedures or access to any such procedure voluntarily

established by a state."); Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to

respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568

F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable

under § 1983).

The Eleventh Circuit's decision in Wildberger v. Bracknell, 869 F.2d 1467 (11th Cir.

1989) (per curiam) is instructive on this point. In that case, the plaintiff alleged numerous

claims, including a violation of "the grievance procedures established by the State

Department of Corrections." Id. at 1467. Addressing the plaintiff's claims, the magistrate

judge determined that the "violation of the grievance procedure did not rise to the level of

a constitutional violation, since there was no entitlement to a grievance procedure under the

Federal Constitution." Id. In the end, the magistrate judge determined that none of the

plaintiff's claims had merit. Id. at 1468. Although the Eleventh Circuit found error with the

trial court's analysis of one of the plaintiff's retaliation claims, it found no error with the trial

court's adoption of the magistrate judge's recommendation regarding the plaintiff's

grievance claim. Id.

In this case, Plaintiff alleges that he submitted grievances, filed "medical forms" and "medical requests," as well as wrote letters to various individuals concerning his medical condition, but nothing was done. (Doc. no. 4, p. 2). However, alleged misdeeds regarding grievance procedures do not give rise to stand-alone claims under § 1983. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (*per curiam*). "There is no right to a particular type of process in the handling of prison grievances. . . . [F]ederal courts simply do not sit as the ultimate appellate tribunal for prison grievance procedures." Rienholtz, 64 F. Supp. 2d at 731. Similarly, "§ 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the *Constitution and laws' of the United States*," and thus, allegations concerning the handling of Plaintiff's "medical forms," "medical requests," letters or grievances in accordance with WCI or CCA procedures are not actionable under § 1983. Gonzaga Univ. v. Doe, 536 U.S. 273, 285 (2002) (emphasis added). Therefore, to the extent Plaintiff may be claiming that any Defendant should be held liable for failing to properly handle his grievances, letters, "medical forms," or "medical requests" in accordance with WCI or CCA procedures, such allegations fail to state a claim upon which relief can be granted.

C.     **No Liability Based on *Respondeat Superior***

To the extent that Plaintiff blames Defendants CCA or Kemp for the alleged constitutional violations of other individuals, such allegations also fail to state a claim upon which relief may be granted. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58

5

(1978). Likewise, employers and private contractors[1] cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff does not allege that these Defendants actually participated in his medical treatment.[2]

Similarly, Plaintiff fails to allege a "causal connection" between Defendants CCA or Kemp and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[3] puts the responsible supervisor [or

---

[1]Of course, private contractors that run prisons, like the CCA, do act under color of state law for purposes of § 1983 liability. Farrow v. West, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003). Nevertheless, as explained herein, the principle that *respondeat superior* is not a cognizable theory of liability under § 1983 holds true regardless of whether the entity sued is a state, municipal, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992).

[2]On this point, the Court notes that "[s]upervisory officials must rely on their subordinate professionals to make competent medical decisions. As long as supervisory officials have no reason to believe that their subordinates are failing to carry out their duties in a competent manner, they should not be held liable for medical decisions over which they have no direct control." Waldrop v. Evans, 681 F. Supp. 840, 851 (M.D. Ga. 1988).

[3]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official

employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

In this case, Plaintiff has not alleged the necessary causal connection, with repect to Defendants CCA or Kemp to hold them liable for the alleged constitutional violations of other individuals. Plaintiff has proffered no facts suggesting that these Defendants were responsible for a custom or policy affecting his medical treatment. Although Plaintiff alleges that he submitted grievances, filed "medical forms" and "medical requests," as well as wrote letters to various individuals concerning his medical condition, Plaintiff has not alleged that these Defendants knew about any widespread abuses related the medical treatment of inmates at WCI.[4] Simply put, Plaintiff has failed to state a claim against Defendants CCA or Kemp

---

must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

[4]On this point, receipt of a grievance or letter alone does not satisfy the burden of putting a supervisor on notice of a widespread problem. Cf. Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that the Commissioner of the Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

based on their respective supervisory or employer positions. As these are the only remaining claims against Defendants CCA and Kemp they should also be dismissed from this case.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's Grievance, Letter, "Medical Requests," and "Medical Forms" claims, as well as Defendants CCA, Kemp, and Un-Named, Director of Health Services, WCI, be **DISMISSED** for failure to state a claim upon which relief may be granted.[5]

SO REPORTED and RECOMMENDED on this 9th day of July, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5]In a simultaneously filed Order, the Court has directed that service of process be effected on Defendant Un-Named, Doctor, WCI, based on Plaintiff's deliberate indifference claims.

8